IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY PATTON,

    Petitioner,

  v.

VIMAL SINGH, Warden,

    Respondent.

    No. C 12-1913 CW (PR)

ORDER TO SHOW CAUSE, GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS, DENYING MOTIONS FOR APPOINTMENT OF COUNSEL, DISCOVERY AND EVIDENTIARY HEARING, AND DIRECTING CLERK TO SUBSTITUTE RESPONDENT

(Docket nos. 2 & 5)

Petitioner, a state prisoner proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state criminal conviction. He also moves for the appointment of counsel, an evidentiary hearing, leave to conduct discovery and leave to proceed in forma pauperis. It does not appear from the face of the petition that it is without merit. Good cause appearing, the Court hereby issues the following orders:

    1.    Leave to proceed in forma pauperis is GRANTED.

    2.    Petitioner's motions for the appointment of counsel, an evidentiary hearing and leave to conduct discovery are DENIED without prejudice. At this early stage of the proceedings, the Court is not in a position to determine whether the interests of justice require the appointment of counsel, see 18 U.S.C. § 3006A(a)(2)(B), if good cause exists to conduct discovery, see Rule 6 of the Rules Governing Section 2254 Cases (Habeas Rules), or if an evidentiary hearing is warranted, see Habeas Rule 8. Should the circumstances change materially at a later stage of the litigation, the Court will reconsider this decision on its own

initiative.

3. In accordance with Habeas Rule 2(a) and Rule 25(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to substitute Warden Vimal Singh as Respondent because he is Petitioner's custodian.

4. The Clerk shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this Order on Petitioner at his current address.

5. No later than sixty days from the date of this Order, Respondent shall file with this Court and serve upon Petitioner an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the Answer all portions of the state record that have been transcribed previously and are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty days of his receipt of the Answer.  If he does not do so, the petition will be deemed submitted and ready for decision on the date the Traverse is due.

6. No later than sixty days from the date of this Order, Respondent may file with this Court and serve upon Petitioner a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.

If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within <u>thirty</u> days of receipt of the motion, and Respondent <u>shall</u> file with the Court and serve on Petitioner a reply within <u>fourteen</u> days of receipt of an opposition.

7.  It is Petitioner's responsibility to prosecute this case.  He must keep the Court and Respondent informed of any change of address and comply with the Court's orders in a timely fashion.  He also must serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

8.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than ten days prior to the deadline sought to be extended.

This Order terminates Dockets nos. 2 and 5.

IT IS SO ORDERED.

Dated: 10/5/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE