IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY PATTON,

    Petitioner,

  v.

VIMAL SINGH, Warden,

    Respondent.
_____/

No. C 12-1913 CW (PR)

ORDER GRANTING MOTION TO DISMISS, GRANTING EXTENSION OF TIME TO FILE OPPOSITION AND GRANTING LEAVE TO FILE SUPPLEMENTAL TRAVERSE

(Docket nos. 12, 13)

Petitioner, a state prisoner incarcerated at the California Medical Facility in Vacaville, filed the present pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Respondent has filed a motion to dismiss the petition and Petitioner has opposed the motion.[1]  For the reasons discussed below, the motion to dismiss is GRANTED and leave is GRANTED to Petitioner to file a supplemental traverse.

BACKGROUND

In March 2000, a Contra Costa County jury convicted Petitioner of two counts of carjacking.  Resp't Ex. A.[2]  In a separate court trial, the trial court found true allegations that Petitioner had suffered two or more prior convictions and, under California's "Three Strikes" law, sentenced him to thirty-five years to life in prison.  Id.

---

[1] Petitioner's request for an extension of time to file his opposition is GRANTED.  The opposition filed on March 4, 2013, is deemed timely.

[2] All citations to exhibits are to those filed by Respondent in support of the motion to dismiss, unless otherwise noted.

On December 13, 2002, the California Court of Appeal affirmed the conviction. Id. On February 19, 2003, the California Supreme Court denied review. Ex. B.

More than seven years later, on July 12, 2010, Petitioner filed a habeas petition in the California Court of Appeal. The petition was denied on August 25, 2010. Ex. C. On September 7, 2010, Petitioner filed a habeas petition in the California Supreme Court. The petition was denied on April 27, 2011, with a citation to In re Robbins, 18 Cal.4th 770, 780 (1998), which stands for the proposition that the petition is untimely. Ex. D.

Thereafter, Petitioner filed a habeas petition in the Superior Court of Contra Costa County, challenging the validity of his sentence under the Three Strikes law. The Superior Court denied the petition on June 22, 2011, finding that it failed to state a prima facie claim for relief, the claims were, or could have been, raised on appeal, and the petition was untimely because it was filed more than a decade after Petitioner was sentenced. Pet. "Attachment" at 3-4. On July 14, 2011, Petitioner filed a second habeas petition in the California Court of Appeal. The petition was denied on July 27, 2011, without citation or comment. Ex. E. On August 11, 2011, Petitioner filed a habeas petition in the California Supreme Court. The petition was denied on December 21, 2011, without citation or comment. Ex. F.

Petitioner filed the present petition on April 17, 2012. He claims (1) the evidence was insufficient to find that his prior convictions qualify as strikes under the Three Strikes law, (2) the Three Strikes law violates the federal constitutional protections of equal protection and due process, and the

prohibitions against double jeopardy and cruel and unusual punishment, and (3) application of the Three Strikes law constitutes a breach of his prior plea agreements.

DISCUSSION

Respondent moves to dismiss the petition as untimely.

A. One-Year Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), petitions filed by prisoners challenging non-capital state convictions or sentences ordinarily must be filed within one year from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

In the present case, Petitioner's conviction became final on May 20, 2003, ninety days after the California Supreme Court denied review on direct appeal.  See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  Consequently, he had until May 20, 2004, to file a timely federal petition.  Because he did not file the present petition until April 17, 2012, it is untimely absent statutory tolling, an exception to the ordinary limitations period, or equitable tolling.

B. Statutory Tolling

The one-year statute of limitations is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  See 28 U.S.C. § 2244(d)(2).  Here, Petitioner's state collateral challenges do not toll the limitations period under § 2244(d)(2) because his first state habeas petition was not filed until 2010, several

years after the limitations period had expired.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding once AEDPA's limitations period has run it cannot be revived by filing of state habeas petition).  Thus, he is not entitled to statutory tolling of the limitations period.

Petitioner argues the petition should be found timely because the constitutionality of a statute, i.e., the Three Strikes law, can be challenged at any time, and because California law does not have a statute of limitations for the filing of habeas corpus petitions.

Petitioner is attempting to overturn his sentence by challenging the constitutionality of the Three Strikes law and the sufficiency of the evidence relied upon to find true the allegations of prior convictions.  Such challenges fall squarely within the one-year statutory filing requirement of § 2244(d)(1)(A).  Further, the lack of a California statute of limitations for filing state post-conviction habeas petitions has no bearing on the applicability of the federal statute of limitations for filing a federal habeas corpus petition.

Accordingly, Petitioner is not entitled to statutory tolling and Respondent's motion to dismiss the petition as untimely is GRANTED.[3]

C.   Equitable Tolling

The one-year statute of limitations is subject to equitable tolling.  Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  "[A]

---

[3] Additionally, Petitioner neither argues nor alleges facts which show that he is entitled to delayed commencement of the limitations period under § 2244(d)(1)(B)-(D).

petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (quotation and citation omitted).

Neither party herein has raised the issue of equitable tolling, and the Court expresses no opinion as to whether such tolling is warranted in this action.  In view of Petitioner's pro se status, however, leave is hereby GRANTED to Petitioner to file a supplemental traverse in which he argues that he is entitled to equitable tolling, if he is of the good-faith belief that grounds for such tolling exist and he possesses factual and legal support for his argument.

D.   Notice of Appeal

Petitioner has filed a notice of appeal, which the Court construes as a request for a certificate of appealability.  The request is DENIED as premature, as final judgment has not been entered in this case.

                              CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   Respondent's motion to dismiss the petition as untimely is GRANTED.  Docket no. 12.

2.   Petitioner's motion for an extension of time to file his opposition to the motion to dismiss is GRANTED.  Docket no. 13. The opposition filed on March 4, 2013 is deemed timely.

3.   Leave is GRANTED to Petitioner to file a supplemental traverse on the matter of equitable tolling if he is of the good-faith belief that grounds for such tolling exist and he possesses factual and legal support for his argument.

1    The supplemental traverse shall be filed and served on
2 Respondent no later than twenty-eight days from the date of this
3 Order.
4    4.   Respondent shall file and serve on Petitioner a response
5 to the supplemental traverse no later than fourteen days from the
6 date it is filed.
7    5.   If Petitioner fails to comply with this Order in a
8 timely manner, a judgment of dismissal will be entered in favor of
9 Respondent.
10   This Order terminates Docket Nos. 12 and 13.
11   IT IS SO ORDERED.
12 Dated: 4/16/2013

                                    CLAUDIA WILKEN
                                    UNITED STATES DISTRICT JUDGE