IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY PATTON,

    Petitioner,

  v.

VIMAL SINGH, Warden,

    Respondent.
_____/

No. C 12-1913 CW (PR)

ORDER OF DISMISSAL;
DENYING CERTIFICATE OF
APPEALABILITY

    Petitioner, a state prisoner incarcerated at the California Medical Facility in Vacaville, filed the present pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    By Order filed April 16, 2013, the Court granted Respondent's motion to dismiss the petition as untimely because Petitioner was not entitled to either statutory tolling or delayed commencement of the limitations period.  The Court, however, granted Petitioner "leave to file a supplemental traverse in which he argues that he is entitled to equitable tolling, if he is of the good-faith belief that grounds for such tolling exist and he possesses factual and legal support for his argument."  Docket no. 17 at 5:9-12.

    On May 7, 2013, Petitioner filed a supplemental traverse.  Respondent, although granted the opportunity to do so, has not filed a response.  In the supplemental traverse, Petitioner maintains that he is entitled to equitable tolling of the limitations period because his underlying substantive claims are meritorious, the case involves important issues concerning application of California's "Three Strikes" law, and good cause

exists to excuse his delay in filing the present petition because his sentence is unconstitutional. Docket no. 18 at 2-3.

A petitioner is entitled to equitable tolling of the one-year statute of limitations for filing a federal habeas corpus petition only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010).

None of the reasons asserted by Petitioner in the supplemental traverse support a finding that he is entitled to equitable tolling of the one-year limitations period. Accordingly, the petition is DISMISSED with prejudice.

Additionally, the Court finds that no certificate of appealability (COA) is warranted in this case. "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to

resolve the issue whose answer is more apparent from the record and arguments." Id. at 485.

For the reasons discussed in this Order and the Court's prior order granting the motion to dismiss, Petitioner has not shown that jurists of reason would find it debatable whether the Court is correct in its procedural ruling that the present petition is untimely and that Petitioner is not entitled to statutory tolling, delayed commencement of the limitations period, or equitable tolling. Accordingly, a COA is DENIED.

The Clerk of the Court shall enter judgment in favor of Respondent and close the file.

IT IS SO ORDERED.

Dated: 6/5/2013

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE